Stacey Weldele-Wade
Antonioli and Wade, P.C.
Attorneys at Law
PO Box 6018
Missoula, Montana 59806-6018
Telephone: (406) 543-5773
Facsimile: (406) 721-0528
a-w@a-wlaw.com

Attorneys for Plaintiff

FILED MAY 03 2011

SHIRLEY E. FAUST, CLERK
By _____ Deputy

MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| ARLENE JOSEPH, | Dept. No. 3  John W. Larson |
|---|---|
| Plaintiff, | Cause No. ~~DV-10~~ DV-11-578 |
| vs. | |
| LINEHAUL LOGISTICS, INC., | COMPLAINT |
| Defendant. | |

COMES NOW the Plaintiff, Arlene Joseph, by and through her attorneys Antonioli and Wade, P.C. of Missoula, Montana, and alleges as follows:

1. Plaintiff is a resident of Missoula County, Montana, residing in Missoula, Montana.

2. Defendant LineHaul Logistics, Inc. is a Montana corporation with its principal place of business in Missoula, Montana.

3. Plaintiff was employed by Defendant as a senior consultant from July 2003 until she was wrongfully discharged on April 27, 2011.

4. Plaintiff was a non-exempt employee for federal wage and hour purposes. Plaintiff regularly worked 10-12 hours per week, Monday through Friday and additional time on the weekends. However, Defendant failed to pay Plaintiff any overtime.

5. Plaintiff had successfully completed her probationary period of

Complaint                                                                                          Page 1

employment.

6. Plaintiff satisfactorily performed all of her duties and responsibilities for Defendant.

7. In late 2010 and early 2011 Plaintiff was subjected to an extremely hostile work environment. Her situation was so severe that she was forced to retain counsel to represent her.

8. By letters dated April 20 and April 27th, 2011 Defendant was notified that Plaintiff believed she had been subjected to a hostile work environment. In addition, said letters reported to Defendant that Plaintiff was in violation of wage and hour laws and that Plaintiff was entitled to be paid all overtime wages due her.

9. In response to the reports of wage and hour violations, on April 27, 2011 Stuart W. Looney, President of Defendant, immediately terminated Plaintiff's employment.

## COUNT ONE
## WRONGFUL DISCHARGE - LACK OF GOOD CAUSE

10. Plaintiff recites and realleges paragraphs 1-19 as though set forth at this point verbatim.

11. Defendant wrongfully terminated Plaintiff's employment without good cause.

12. As a result of said wrongful discharge, Plaintiff has suffered damages in the form of lost wages and lost fringe benefits, and she will incur expenses in attempting to locate alternative employment.

13. Plaintiff is entitled to an award of her damages as allowed by law in an amount to be determined at the time of trial.

## COUNT TWO
## WRONGFUL DISCHARGE - RETALIATION

14. Plaintiff recites and realleges paragraphs 1 through 9 as though set forth at this point verbatim.

Exhibit A

15. Defendant retaliated against Plaintiff first when she reported a violation of wage and hour laws.

16. As a result of said termination and wrongful discharge, Plaintiff has suffered damages in the form of lost wages and lost fringe benefits, and will incur expenses in attempting to locate alternative employment.

17. Plaintiff is entitled to an award of her damages as allowed under Montana law in an amount to be determined at the time of trial.

## COUNT THREE
## VIOLATION OF WAGE AND HOUR LAWS

18. Plaintiff recites and realleges paragraphs 1 through 9 as though set forth at this point verbatim.

19. Defendant failed to pay to Plaintiff all of the overtime wages which were due him.

20. Defendant's refusal to pay said wages was willful.

21. Defendant's failure to pay all overtime wages to Plaintiff is a violation of federal wage and hour laws.

22. Plaintiff is entitled to all overtime wages which are due, but unpaid, plus a penalty of 100% of all wages due as allowed by law, plus all of Plaintiff's reasonable and necessary attorney's fees and expenses in an amount to be determined at the time of trial.

**WHEREFORE**, Plaintiff requests judgment be awarded against Defendant as follows:

1. On Count One for damages in an amount to be determined at the time of trial;
2. On Count Two for damages in an amount to be determined at the time of trial;
3. On Count Three for damages in an amount to be determined at the time of trial;

Exhibit A

4. For Plaintiff's costs and attorney fees; and

5. Any other relief this Court deems just and proper.

DATED this 2ND day of May, 2011.

                               ANTONIOLI and WADE, P.C.

*Stacey Weldele-Wade*
Stacey Weldele-Wade

Exhibit A