**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

ARLENE JOSEPH,

    Plaintiff/Counter Defendant,

vs.

LINEHAUL LOGISTICS,
INC.,

    Defendant/Counter Claimant.

CV 11-114-M-JCL

ORDER

_____

The present order addresses the passel of motions that are pending in this matter. As the facts and procedural history are familiar to the parties, the Court does not recite them here except as necessary to explain its disposition of a particular motion.

**I.  Defendant's Motion for Partial Summary Judgment**

Plaintiff Arlene Joseph's Second Amended Complaint advances two claims for relief under the Montana Wrongful Discharge From Employment Act, Mont. Code Ann. § 39-2-901 et seq. The first (Count I) alleges Defendant LineHaul Logistics, Inc. ("LineHaul") terminated Joseph's employment without "good cause" in violation of Mont. Code Ann. § 39-2-904(b). The second (Count II) alleges LineHaul terminated Joseph's employment in retaliation for her having

1

"reported a violation of employment conditions and wage and hour laws" in violation of Mont. Code Ann. § 39-2-904(1)(a). Dkt. 19, at 3. The prefatory allegations of the complaint state that Joseph was subjected to a hostile work environment of such severity that she was compelled to retain an attorney. And on April 20 and 27, 2011, the attorney sent correspondence notifying LineHaul of the alleged hostile work environment and reporting violations of state and federal wage and hour laws. Joseph expressly alleges that in response to the correspondence Stuart Looney, LineHaul's president, terminated her employment on April 27, 2011.

    LineHaul moves for partial summary judgment upon Joseph's wrongful discharge claim. It argues the only reasonable conclusion that can be drawn from the undisputed facts of record is that Joseph was not terminated, but voluntarily resigned her employment.

    Fed. R. Civ. P. 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party moving for summary judgment who does not have the burden of persuasion at trial, must produce evidence which either: (1) negates an essential element of the non-moving party's claim, or (2) shows that the non-moving party does not have enough evidence of an essential element to ultimately carry his burden at trial. *Nissan Fire & Marine Ins. Co., Ltd.*

*v. Fritz Companies, Inc.*, 210 F.3d 1000, 1102 (9th Cir. 2000). Once the moving party has satisfied its burden, the non-moving party must identify evidence establishing that a dispute as to a particular material fact is genuine. *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opponent "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* And the opponent "may not rest upon the mere allegations or denials of his pleading, but must set forth facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

An issue of fact is "genuine" if there is sufficient evidence for a reasonable factfinder to find for the non-moving party. *Anderson*, 477 U.S. at 248-49. A fact is "material" if may affect the outcome of the case. *Id.* at 248.

"In considering a motion for summary judgment the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *abrogated on other grounds as noted in Shakur v. Schririo*, 514 F.3d 878, 884-85 (9th Cir. 2008).

An essential element to Joseph's wrongful discharge claim – as pled – is that her employment was terminated by LineHaul, which is a material fact. Mont. Code Ann. § 39-2-903(2). Thus, disposition of LineHaul's motion turns on

whether there is a "genuine issue" as to whether Joseph was terminated by LineHaul. Drawing all inferences in a light most favorable to Joseph, the Court finds that a genuine dispute does exist whether Joseph was terminated, or voluntarily resigned her employment with LineHaul.

LineHaul acknowledges that Joseph testified in both an affidavit and at her deposition that she did not resign or quit her job at LineHaul. Dkt. 95, at 4. But it argues that Joseph's prior statements to third parties are inconsistent with her sworn testimony. LineHaul might well be successful in using these prior statements to attack the credibility of Joseph at trial, but the Court is precluded from determining Joseph's credibility on summary judgment.

For purposes of completeness, the Court addresses the suggestion made by Joseph in her brief, that she adequately pled and is entitled to pursue a claim of constructive discharge – a suggestion with which LineHaul takes issue.

Mont. Code Ann. § 39-2-903 defines "constructive discharge" as follows: "[T]he voluntary termination of employment by an employee because of a situation created by an act or omission of the employer which an objective, reasonable person would find so intolerable that voluntary termination is the only reasonable alternative." Contrary to Joseph's argument, her Second Amended Complaint does not plead a claim for constructive discharge. And she has repeatedly stated and argued that she always intended to return to work at

LineHaul but was terminated by Stuart Looney before she could return. Joseph's argument is an attempt to amend her pleading long after the December 16, 2011, deadline for amended pleadings set forth in the Court's Fed. R. Civ. P. 16 scheduling order of November 1, 2011.

For the reasons stated, LineHaul's motion for partial summary judgment is DENIED.

## II. Joseph's Motion to Amend the Fed. R. Civ. P. 16 Scheduling Order

Joseph moves the Court to allow her to file both a motion for summary judgment and a motion in limine beyond the deadline established in the Rule 16 scheduling order for filing motions. LineHaul resists the motion as untimely.

The scheduling order required motions for summary judgment to be filed by June 8, 2012, and the motions in limine to be filed by June 15, 2012. Joseph's motion to amend the scheduling order was filed on June 22, 2012.

Because Joseph's request for modification of the scheduling order comes after the motions deadline, she must satisfy the "good cause" standard of Fed. R. Civ. P. 16(b)(4). Good cause exists if the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 Amendment )). "[T]he focus of the

inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.*

The principle thrust of Joseph's argument as to the existence of good cause is that she needed the transcript of Stuart Looney's deposition to fully present her motions. Joseph did not accomplish Looney's deposition until May 31, 2012 – the deadline for the completion of all discovery. Joseph asserts, however, that the late scheduling of Looney's deposition was necessitated by LineHaul's failure to provide a Fed. R. Civ. P. 26(a)(1) initial disclosure with respect to LineHaul's counterclaims. She also complains LineHaul's failure to provide an initial disclosure necessitated that she propound interrogatories to which LineHaul provided incomplete responses that have never been supplemented in accordance with Fed. R. Civ. P. 26(e).

LineHaul provided its initial responses to Joseph's interrogatories on March 19, 2012 – responses which Joseph asserts were incomplete. Joseph, however, did not invoke the Court's assistance under Fed. R. Civ. P. 37(a)(3)(B)(iii) to compel LineHaul to provide complete responses in a timely manner so as not to jeopardize Joseph's ability to comply with the motions deadline. Thus, the situation presented is not one in which the pretrial schedule could not "reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

The Court notes that Joseph maintains the right to raise, at the time of trial, objections to the admissibility of evidence that may not have been properly disclosed under Fed. R. Civ. P. 26, as well as any objections under the Federal Rules of Evidence. Joseph may also seek judgment as a matter of law under Fed. R. Civ. P. 50 to any defense or counterclaim of LineHaul if appropriate.

For the reasons stated, Joseph's Fed. R. Civ. P. 16(b)(4) motion to modify the scheduling order is DENIED, and the motion for partial summary judgment and motion in limine she filed are DENIED as untimely.

### III. Joseph's Motion to Quash Third-Party Subpoena

On May 24, 2012, LineHaul served a Fed. R. Civ. P. 45 subpoena upon non-party Hudson Products Corp. that called for the production of documents on June 8, 2012. The subpoena was issued out of the United States District Court for the Southern District of Texas.

In response to the notice of the subpoena she received from LineHaul, Joseph filed a document styled "Plaintiff's Objection to Subpoena" wherein she requests the Court, inter alia, to quash the subpoena. Joseph also requested, albeit inartfully, a protective order under Fed. R. Civ. P. 26(c) forbidding LineHaul from obtaining discovery from Hudson. The principle ground upon which Joseph seeks a protective order is that the disputed subpoena seeks production of documents beyond the discovery deadline of May 31, 2012.

LineHaul argues Joseph's motion should be denied principally upon the ground a motion to quash or modify a subpoena under Fed. R. Civ. P. 45(c)(3)(A) & (B) must be directed to the court from which the subpoena issued – not the court in which the action is pending. LineHaul is correct that only the issuing court has the authority to quash or modify a subpoena. Rule 45(c)(3)(A); *see also In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998). But LineHaul offers no argument in response to Joseph's motion for protective order.

The scope of documents or information that can be obtained by subpoena is the same as the scope of the discovery generally under Rule 26. *See* Advisory Comm. Note to 1991 Amendment to Fed. R. Civ. P. 45; *Hendricks v. Total Quality Logistics* 275 F.R.D. 251, 253 (S.D. Ohio 2011); *S.E.C. v. Sassano*, 274 F.R.D. 495, 497 (S.D.N.Y. 2011). Rule 45 subpoenas are also subject to the same scheduling order deadlines as other forms of discovery. *See Marvin Lumber and Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 444 (D. Minn. 1997). Consequently, a party may seek a Rule 26(c) protective order to preclude another party from obtaining discovery from a non-party via a subpoena issued by another court. *See Static Control Components, Inc. v. Darkprint Imaging,* 201 F.R.D. 431, 434 (M.D.N.C. 2001) (recognizing that the authority of the court in the district in which an action is pending to control discovery is not altered by Rule 45(c)).

Apparently based upon discussions that occurred between counsel for Hudson and LineHaul, these two entities agreed that in lieu of Hudson providing LineHaul with excessive amounts of documents in response to the subpoena, LineHaul agreed to narrow its request and provide Hudson with a notice of a Fed. R. Civ. P. 30(b)(6) deposition upon written questions pursuant to Fed. R. Civ. P. 31(a)(1). And on June 22, 2012, LineHaul served notice upon Joseph of its intent to take a Rule 30(b)(6) deposition of Hudson pursuant to Rule 31(a)(1) & (4). In response, Joseph renewed her objection.

The November 1, 2011, scheduling order established a discovery deadline of May 31, 2011. Obviously, the subpoena LineHaul served upon Hudson on June 22, 2012, falls outside the discovery deadline and LineHaul did not move the Court to modify the discovery deadline to allow it to seek discovery from Hudson. But LineHaul argues that the notice was timely because it was, in effect, a substitute for the May 24, 2012, subpoena duces tecum that was served before the May 31, 2012 discovery deadline.

Consistent with Fed. R. Civ. P. 16(b)(3)(A), the scheduling order contemplated that all discovery was to be completed by the May 31, 2012, deadline. Because the subpoena duces tecum did not command Hudson to produce documents by May 31, 2012, it was untimely. Consequently, Joseph's motion for protective order is properly granted in this regard.

The Court notes that in opposing Joseph's motion to modify the scheduling order, LineHaul emphatically argued that it was asking for "nothing other than enforcement of the Scheduling Order to which Ms. Joseph's counsel agreed." Dkt. 84, at 11. Joseph too, is asking for nothing more.

For the reasons discussed, Joseph's motion for protective order is GRANTED.

## IV.   LineHaul's Motions in Limine

### A.   Expert Witnesses

LineHaul moves in limine to preclude Joseph from eliciting expert testimony at trial through the following three individuals: (1) Mr. Brian Smith, Esq.; (3) Mr. Scott Hayes, and; (3) Ms. Cindy Sandeau. Having considered the parties' respective arguments, the Court finds that LineHaul's motion is properly granted as to Smith and Hays. With respect to Sandeau, the Court denies the motion at this juncture subject to the right of LineHaul to renew the motion in the context of trial.

#### 1.   *Mr. Smith*

The Rule 16 scheduling order – as amended on January 10, 2012 – set a deadline of March 16, 2012, for Fed. R. Civ. P. 26(a)(2) liability expert disclosures. On the deadline date, Joseph identified Brian Smith as an individual she might use to present expert evidence at trial that was not accompanied by a

Rule 26(a)(2)(B) report from Smith. Rather, Joseph submitted a brusque rewritten statement prepared by her counsel that identified Smith's area of expertise and the general subject matter of his anticipated testimony.

LineHaul argues Joseph should not be allowed to use Smith to present expert testimony on two alternate bases. First, LineHaul asserts that Joseph was required, but failed, to provide a Rule 26(a)(2)(B) written report prepared by Smith that contained a complete statement of all opinions he intended to express, as well as the bases and reasons for those opinions. Second, it asserts that even if Smith was not required to provide a written report – as argued by Joseph – the disclosure fails to provide a summary of the facts and opinions to which Smith is expected to testify as required by Rule 26(a)(2)(C).

Rule 26(a)(2)(A) requires a party to disclose to all other parties "the identity of any witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705." If the witness is retained or specially employed to provide expert testimony, the disclosure must be accompanied by a written report – prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). And among other things, the expert report must contain a complete statement of all opinions the witness will express as well as the bases and reasons for the opinions. Fed. R. Civ. P. 26(a)(2)(B)(i). For those expert witnesses not required to provide a written report, the mandated disclosure must state the subject matter of the witness's expert

testimony and provide a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

Where a party fails to disclose information required to be disclosed by Rule 26(a), Fed. R. Civ. P. 37(c)(1) forbids the use of the non-disclosed information at trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoors Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Thus, Rule 37(c)(1) "gives teeth to the expert disclosure requirements" of Rule 26(a). *Olson v. Montana Rail Link, Inc.,* 227 F.R.D. 550, 552-53 (D. Mont. 2005). The scheduling order in this matter expressly reminded the parties of these "teeth" – stating "[a]n inadequate expert report or disclosure may result in exclusion of the expert's opinions at trial...." Dkt. 15, at 5-6. Because Joseph has utterly failed to satisfy Rule 26(a)(2) by failing to set forth the facts and opinions Smith is expected to testify, LineHaul's motion in limine must be granted.

> The pertinent portions of the Smith disclosure state:
>
> If believed to be necessary at the time of trial, Plaintiff Arlene Joseph may call Brian Smith to clarify and assist the jury to understand trucking industry practices concerning the brokering of freight as practiced by LineHaul Logistics, Inc., a company without its own fleet of trucks. Mr. Smith may be called as a witness to provide the jury with trucking industry information necessary for the proper understanding and background with which to decide Plaintiff Arlene Joseph's claims and Defendant LineHaul's counterclaims.
> . . . .

> If it is determined that it will be necessary for Mr. Smith to appear as an expert witness in this case, he will be charging Plaintiff Arlene Joseph at his rate of $225 per hour.

Dkt. 33-1, at 1-2.

In response to LineHaul's challenge to the sufficiency of this disclosure, Joseph presents what can only be characterized as an obtuse argument.[1] Joseph first appears to assert that because Smith would not be providing any opinion testimony, no opinions were disclosed. Dkt. 38, at 11. At the same time, Joseph argues that Smith should be allowed to testify regarding "trucking industry practices in general and brokering of freight, in particular" because he is an expert within the contemplation of Fed. R. Evid. 702 whose testimony would be helpful in assisting the jury "to understand the evidence or to determine a fact in issue." Dkt. 38, at 13. The disclosure, however, fails to set forth what the substance of Smith's Rule 702 testimony would be.

Joseph also argues that because Smith was not retained or specially employed, no Rule 26(a)(2)(B) written report was necessary. Yet she goes on to request that if the Court determines the Smith report is insufficient, she be allowed to supplement the disclosure – explaining that "in this way, [] she may weigh whether she will retain Mr. Smith and can afford the expense necessary to have

---

[1] The Court notes that in her brief in response to LineHaul's motion in limine, Joseph incorporates a "brief" she filed in response to LineHaul's notice of its objection to Joseph's March 16, 2012, disclosure. Dkt. 38.

13

Mr. Smith prepare his testimony and report against the benefit of providing meaningful background information to assist the jury." Dkt. 38, at 15.

Assuming, without deciding, that Smith was not retained or specially employed, the disclosure pertaining to his expected testimony must still comply with Rule 26(a)(2)(C) – and it did not. By Joseph's own admission, Smith's expected testimony on the topic of trucking industry and brokering practices would fall within the purview of Fed. R. Evid. 702. Therefore, it was incumbent upon Joseph to set forth a summary of the facts and opinions to which Smith would be expected to testify. The disclosure set forth neither.

Consequently, Smith must not be allowed to testify at trial unless Joseph's failure to provide an adequate disclosure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To avoid the automatic exclusion of Smith, the burden rests with Joseph to prove that her failure to properly disclose was substantially justified or harmless. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). She has failed to sustain that burden. Joseph presents no argument that her failure was substantially justified. And as to harmlessness, she simply states that there would be no prejudice to LineHaul. Dkt. 38, at 16.

For the reasons discussed, LineHaul's motion in limine as to Smith is granted.

2.   *Scott Hayes*

On the March 16, 2012, liability expert disclosure deadline, Joseph also identified Scott Hayes as an individual she might use to present expert evidence at trial.  The disclosure was not accompanied by a Rule 26(a)(2)(B) report from Hayes, but just a written statement prepared by Joseph's counsel that states, in part:

> If believed to be necessary at the time of trial, Plaintiff Arlene Joseph may call Scott Hayes of Summit Computer Systems to clarify and assist the jury to understand that if emails or other data files have been deleted from a computer that the data is generally able to be recovered from either the main email server, through forensic recovery of the hard drive on a computer system, or back-up.
>
> ....
>
> Should he be called as a witness in this matter, he will charge Plaintiff Arlene Joseph at the rate of $60 per hour.

Dkt. 33, at 203.

As it did with respect to Smith, LineHaul argues Joseph should not be allowed to use Hayes because no Rule 26(a)(2)(B) report was provided and the disclosure is devoid of any opinion Hayes is expected to offer at trial.

The situation with Hayes is different than with Smith.  As Joseph accurately notes, she identified Hayes as a potential rebuttal witness – prior to even retaining his services – because of grumblings by LineHaul's counsel that LineHaul might advance a claim for spoliation of evidence.  That claim materialized on March 22,

2012, when LineHaul filed a motion for sanctions for spoliation of evidence – a point in time six days after the liability expert disclosure deadline had passed. Joseph cannot be faulted for not having provided a Rule 26(a)(2)(B) report from Hayes when LineHaul's claim for spoliation of evidence had not been formally made until after the disclosure deadline.

This being said, the Court notes that the deadline for filing motions did not expire until June 29, 2012, three months after the claim for spoliation of evidence was formally made by LineHaul. Yet review of the record reflects that Joseph did not move the Court to amend the scheduling order for the purpose of allowing her to provide a Rule 26(a)(2)(B) report from Hayes. Consequently, the Court must conclude that Joseph decided not to retain Hayes as an expert witness. Therefore, the Court deems it appropriate to grant Linehaul's motion in limine as to Hayes, subject to reconsideration if Joseph establishes that a Rule 26(a)(2)(B) report from Hayes was produced to LineHaul.

      3.    *Cindy Sandeau*

On the March 16, 2012, liability expert disclosure deadline, Joseph disclosed Cindy Sandeau as an individual she would use to present both fact testimony and expert testimony relating to computer technology – and specifically testimony relating to the spoliation of evidence claim leveled by LineHaul. The disclosure was not accompanied by a Rule 26(a)(2)(B) report from Sandeau.

On June 4, 2012, Joseph provided LineHaul an expert report prepared by Sandeau. LineHaul has no quarrel with the report to the extent the opinions offered in the report relate to the spoliation of evidence claims. Rather, LineHaul's motion in limine seeks to preclude Sandeau from offering opinion testimony on the following subjects: (1) whether Ms. Joseph is a salaried or hourly employee; and (2) LineHaul's payroll system.

Having considered the parties' arguments, the Court, as noted, deems it advisable to deny LineHaul's motion in limine as to Sandeau subject to the right of LineHaul to renew the motion in the context of trial.

B. Evidence of a Hostile Work Environment

In her Second Amended Complaint, Joseph alleges that "[i]n late 2010 and early 2011 Plaintiff was subjected to an extremely hostile work environment." Dkt. 19, at 2. In her deposition, Joseph clarified that the hostile work environment of which she complained started sometime after January 1, 2011. Dkt. 64-3, at 3. The last day Joseph worked at LineHaul was April 19, 2011. As previously noted, Joseph expressly asserts that she was wrongfully terminated from her employment for notifying LineHaul that she was subjected to a hostile work environment and for reporting violations of state and federal wage and hour laws. Dkt. 19, at 3.

LineHaul moves in limine to preclude Joseph from presenting evidence or testimony pertaining to the work environment at LineHaul before January 1, 2011,

or after April 19, 2011, because any evidence of working conditions outside this time period would be irrelevant to Joseph's wrongful discharge claim as pled.

Joseph retorts that evidence other employees had previously been subjected to a hostile work environment is relevant to whether Arlene Joseph was also subjected to a hostile work environment. She explains such evidence will show a pattern and practice of LineHaul selectively targeting individual employees and subjecting each to a hostile work environment. Dkt. 67, at 4.

As the Court has previously noted, Arlene Joseph has not pled a claim for constructive discharge. Rather, she asserts she was terminated because she reported to Stuart Looney that she was being subjected to a hostile work environment and because she reported violations of federal and state wage laws. This point is confirmed by the following statement in her brief opposing LineHaul's motion in limine: "When her employer, LineHaul, learned that Arlene Joseph had retained legal counsel to address her hostile working conditions and the company's failure to pay her overtime wages due under the law, Arlene Joseph was terminated." Dkt. 67, at 4.

It is undisputed that Joseph made this notification to LineHaul's president Stuart Looney via correspondence from Joseph's attorney. It is difficult to conceive how the working conditions other employees may have been subjected to prior to Joseph's notification and report to Stuart Looney would be relevant to or

probative of Joseph's wrongful discharge claim as pled.  Consequently, the Court deems it appropriate to grant LineHaul's motion in limine.

    C.    <u>Joseph's Hip Injury</u>

A short time after her employment with LineHaul ended, Joseph suffered a broken hip which required surgery and a recuperative period.  LineHaul moves in limine to preclude Joseph from presenting any evidence or testimony related to this injury.  As Joseph accurately points out, however, LineHaul has asserted in its defense that Joseph failed to mitigate her damages, which makes evidence of her inability to seek work from the time of her injury through the period of recuperation relevant to the mitigation issue.  LineHaul implicitly concedes this point by not offering any argument to the contrary in its reply brief.  Therefore, LineHaul's motion in limine is DENIED.

    IT IS SO ORDERED.

    DATED this 31st  day of August, 2012.

                                            /s/ Jeremiah C. Lynch
                                            Jeremiah C. Lynch
                                            United States Magistrate Judge